# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

Deandre Morrow,

          Plaintiff,

v.

Pizza Hut, et al.,

          Defendants.

Case No. 2:21-cv-00739-APG-BNW

**ORDER**

This matter is before the court on Deandre Morrow's application to proceed *in forma pauperis* (ECF No. 1), filed on May 4, 2021. Morrow brings a lawsuit under the Civil Rights Act of 1964. ECF No. 1. Morrow alleges that he was denied service at Pizza Hut based on the color of his skin.

**I.** *In Forma Pauperis* **Application**

Morrow submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant Morrow's request to proceed *in forma pauperis*. The court now screens his complaint.

**II. Screening Standard**

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

1 failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Screening the Complaint**

Morrow alleges that on April 29, 2021, he visited the Pizza Hut located on Rampart Boulevard, in Las Vegas, Nevada. He also alleges that he asked the manager whether they were making good pies and she mumbled a response. When he asked her to repeat herself, she once again mumbled. When Morrow asked the manger for her name, the manager allegedly stated: "get your black ass out of here before I call the cops, that's my name." ECF No. 1. Morrow further alleges he is now struggling with emotional distress as a result of being denied service based on the color of his skin. *Id*. He now brings this suit.

Under 42 U.S.C. § 1981(a),

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

> evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The phrase "make and enforce contracts" means "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The rights protected by Section 1981 are protected from impairment by both "nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

To establish a prima facie case of racial discrimination under section 1981, Plaintiff must establish that he (1) "is a member of a protected class;" (2) "attempted to contract for certain services;" and (3) "was denied the right to contract for those services" because of his race. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006). In addition, Section 1981 "'applies to those situations in which a merchant, acting out of racial animus, impedes a customer's ability to enter into, or enjoy the benefits of, a contractual relationship.'" *Brown v. Mydatt Servs. Inc.*, No. 07-CV-190-BR, 2008 WL 1925041, at *4 (D. Or. Apr. 28, 2008) (*quoting Garrett v. Tandy Corp.*, 295 F.3d 94, 100 (1st Cir. 2002)).

Here, Morrow sufficiently alleges facts to meet all three elements of the offense: he implicitly alleges he is black, that he attempted to purchase food from Pizza Hut, and that he was denied the ability to purchase food based on the color of his skin. Thus, this court finds Morrow has sufficiently stated a claim to survive screening.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff one blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until June 7, 2021 to fill out and file the required USM-285 form. On the form, Plaintiff must provide an address where defendant can be served with process.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue summons to the defendant using the address Plaintiff provides on the filed USM-285 form.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the issued summons, the filed USM-285 form, and the operative complaint (ECF No. 1-1) on the U.S. Marshals Service for purposes of effecting service.

**IT IS FURTHER ORDERED** that upon receipt of the issued summons, the USM-285 form, and the operative complaint—and pursuant to Fed. R. Civ. P. 4(c)(3)—the U.S. Marshal shall attempt service upon defendant.

DATED: May 7, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE