Brian E. Holthus, Esq.
Nevada Bar No. 2720
E-mail: beh@juwlaw.com
JOLLEY URGA WOODBURY & HOLTHUS
50 S. Stephanie Street, Suite 202
Henderson, Nevada 89012
Telephone:   (702) 699-7500
Facsimile:    (702) 699-7555
*Attorneys for Defendants Las Vegas Pizza, LLC
and Alexa Logan*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEANDRE MORROW,<br><br>    Plaintiff,<br><br>vs.<br><br>PIZZA HUT, ET AL.,<br><br>    Defendants. | CASE NO.:   2:21-CV-00739-APG-BNW<br><br>**ANSWER TO COMPLAINT** |

Las Vegas Pizza, LLC ("Las Vegas Pizza") and Alexa Logan ("Logan") (collectively "Defendants"), by and through their attorneys of record, Jolley Urga Woodbury & Holthus, as and for their answer the Complaint on file, admit, deny and allege as follows:

1. Answering Section I of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations relating to the identity of the Plaintiff. Defendants assert the identities of the named Defendants are Las Vegas Pizza and Logan.

2. Answering Section II of the Complaint, Defendants admit the asserted claim raises a federal question and provides a basis for jurisdiction.

3. Answering Section III of the Complaint, Defendants admit Plaintiff visited the location on April 29, 2021. Defendants deny the remaining allegations.

4. Answering Section IV of the Complaint, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants allege that the damages, if any, suffered by Plaintiff were caused in whole or in part, or where contributed to, by reason of Plaintiff's negligence, or the negligence of another.

### THIRD AFFIRMATIVE DEFENSE

The incident alleged in the Complaint, and the resulting damage, if any, to Plaintiff, was proximately caused to contributed to by Plaintiff's own conduct, and such conduct was greater than the negligence, if any, of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not exercise ordinary care, caution or prudence to avoid the subject incident, and the resulting injuries, if any, were directly and proximately caused by the fault, carelessness, and negligence of Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' conduct was not the cause in fact nor the proximate cause of Plaintiff's damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate his damages, if any, thus completely or partially barring his claims.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants have been required to retain the services of an attorney to enforce the rights herein asserted, and are entitled to the fees and costs heretofore paid or incurred for such damages, and are further entitled to attorney's fees and costs to defend this action.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's medical treatment may not have been reasonable and necessary.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by intervening or superseding causes, including but not limited to Plaintiff's actions which caused the damages claimed in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Defendants did not impede Plaintiff's ability to enter into, or enjoy the benefits of, a contractual relationship.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff neither attempted nor planned to make any specific purchase.

### TWELVETH AFFIRMATIVE DEFENSE

There was no contractual relationship between Plaintiff and Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to Federal Rules of Civil Procedure, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer, and therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

///
///
///
///
///
///
///
///
///

900467.doc

WHEREFORE, Defendants demand judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, and that he takes nothing thereby;
2. That Defendants be awarded its reasonable attorney's fees and costs of suit herein; and
3. For such other and further relief as the Court deems just and proper.

DATED this 30th day of June 2021.

JOLLEY URGA WOODBURY & HOLTHUS

By: /s/Brian E. Holthus, Esq.
Brian E. Holthus, Esq.
50 S. Stephanie Street, Suite 202
Henderson, Nevada 89012
*Attorneys for Defendants Las Vegas Pizza, LLC and Alexa Logan*

900467.doc

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is Jolley Urga Woodbury & Holthus, 50 S. Stephanie Street, Suite 202, Henderson, NV 89012.

On this day I served the foregoing **ANSWER TO COMPLAINT** in this action or proceeding electronically with the Clerk of the Court via the CM/ECF system, and by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Deandre Morrow
7716 Buck Skin Ave.
Las Vegas, NV 89129

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U. S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Henderson, Nevada, in the ordinary course of business.

I certify under penalty of perjury that the foregoing is true and correct, and that I executed this Certificate of Service on June 30, 2021 at Henderson, Nevada.

                                          */s/Maria Walters*_____
                                          An Employee of Jolley Urga Woodbury & Holthus