Brian E. Holthus, Esq.
Nevada Bar No. 2720
E-mail: beh@juwlaw.com
JOLLEY URGA WOODBURY & HOLTHUS
50 S. Stephanie Street, Suite 202
Henderson, Nevada 89012
Telephone:   (702) 699-7500
Facsimile:    (702) 699-7555
*Attorneys for Defendants Las Vegas Pizza, LLC and Alexa Logan*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DEANDRE MORROW,<br><br>Plaintiff,<br><br>vs.<br><br>PIZZA HUT, ET AL.,<br><br>Defendants. | CASE NO.:   2:21-CV-00739-APG-BNW<br><br>**PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff Deandre Morrow, in proper person ("Plaintiff") and Defendants Las Vegas Pizza, LLC and Alexa Logan ("Defendants") by and through their counsel of record, Jolley Urga Woodbury & Holthus, hereby submit their proposed Joint Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a-b).

## I.      INFORMATION PURSUANT TO FRCP 26(f).

**1.      Meeting.** Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a meeting was held on March 11, 2022, and was attended by Plaintiff in proper person and Brian E. Holthus, Esq., of Jolley Urga Woodbury & Holthus, Counsel for Defendants.

## II.      INFORMATION PURSUANT TO LR 26-1(B).

**1.      Discovery Plan.** The Parties proposed to the Court the following discovery plan:

Joint Scheduling Order

(a) <u>Subject of Discovery</u>. Discovery will be needed on the following subjects: All claims set forth in the Complaint, as well as the defenses relevant to the action.

(b) <u>Discovery Cut-Off Dates.</u> Discovery will take **270 days**, measured from March 10, 2022, the date of the scheduling conference. The discovery cut-off date, therefore, will be December 5, 2022.

(c) <u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)</u>. Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2):

(1) The disclosure of experts and expert reports shall occur on October 6, 2022, which is 60 days before the discovery cut-off date; and

(2) The disclosure of rebuttal experts and their reports shall occur on November 4, 2022, which is 31days before the discovery cut-off date.

**2.    Other items.**

(a) <u>Initial Disclosures</u>. The Parties will exchange initial disclosures by April 11, 2022. The Parties will continue to supplement their disclosures in accordance with the Federal Rules of Civil Procedure.

(b) <u>Amending the Pleadings and Adding Parties</u>. The Parties have until September 6, 2022, to file any motion to amend the pleadings or to add parties, which is 90 days before the discovery cut-off date pursuant to LR 26-1(b)(2).

(c) <u>Dispositive Motions</u>. The Parties shall have until January 4, 2023 to file dispositive motions. This is 30 days after the discovery cut-off date pursuant to LR 26-1(b)(4).

(d) <u>Settlement</u>. All Parties will continue to discuss possible resolution to this matter.

(e) <u>Pretrial Order</u>. The pretrial order shall be filed by February 3, 2023, which is not more than 30 days after the date set for filing dispositive motions in the case. This deadline

Joint Scheduling Order

is suspended if the dispositive motions are timely filed until 30 days after decision on the dispositive motions or further Court order. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be made in the joint pretrial order.

    (f) <u>Court Conference</u>. The Parties are not requesting a conference with the Court before entry of the scheduling order.

    (g) <u>Later Appearing Parties</u>. A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if an additional defendant should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

    (h) <u>Extension or Modification of the Discovery Plan and Scheduling Order</u>. LR 26-3 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion must be made no later than 21 days before the subject deadline and must fully comply with LR 26-3.

    (i) <u>Estimate of Time Required for Trial</u>. The Parties estimate that a trial will take two days.

    (j) <u>Alternative Dispute Resolution</u>: The Parties hereby certify pursuant to LR 26-1(b)(7) they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (collectively, "ADR"). The Parties determined ADR is not a viable option at this time.

    (k) <u>Alternative Forms of Case Disposition</u>: The Parties hereby certify pursuant to LR 26-1(b)(8) they considered consent to trial by a magistrate judge and/or use of the short trial program. The Parties do not consent to either at this time.

(l) <u>Electronic Evidence</u>: The Parties have discussed the production of electronic data and will stipulate to a protocol for handling electronically stored data if necessary.

(m) <u>Time to Notice Depositions Pursuant to Fed. R. Civ. P. 30(b)(6)</u>: The Parties agree to provide at least 14 days notice prior to taking a deposition pursuant to Fed. R. Civ. P. 30(b)(6), unless otherwise agreed.

(n) <u>Issues about claims of privilege or protection of trial preparation materials</u>:

(i) Any or all Parties, may require a protective order in order to protect the disclosure of certain confidential business information. In the event such a protective order becomes necessary the Parties will submit a stipulated protective order to the parties for agreement, or if necessary, may file a motion for protective order.

(ii) Claw-back of Inadvertent Disclosure of Privileged Materials: The Parties agree that the procedures set forth in Fed. R. Civ. P. 26(b)(5) shall apply.

### III.    STATEMENT WHY DIFFERENT DEADLINES SHOULD APPLY

The experience of the Parties in litigating this type of case is that the standard 180-day deadline is too tight to conduct discovery on all issues, particularly in light of the COVID-19 pandemic, and because one of the parties is appearing in proper person.  An extra 90 days will give the parties additional time to adequately conduct all discovery and resolve all pertinent disputes in a way that is most convenient and economical for the Court, particularly in light of the COVID-19 pandemic.

/ / /

/ / /

/ / /

1  The Parties request the Court find that all deadlines herein should apply to allow for
2  suitable time for discovery.
3  DATED this 14th day of March 2022                DATED this 14th day of March 2022
4
5  JOLLEY URGA WOODBURY & HOLTHUS
6
7  By: */s/Brian E. Holthus, Esq.*                   By: */s/Deandre Morrow*
      Brian E. Holthus, Esq.                             Deandre Morrow
8     50 S. Stephanie Street, Suite 202                  7716 Buck Skin Ave.
      Henderson, Nevada 89012                            Las Vegas, NV 89129
9     *Attorneys for Defendants*                         *Plaintiff*
      *Las Vegas Pizza, LLC and Alexa Logan*
10
11
12
13  **IT IS SO ORDERED.**
14      Dated this __15th__ day of ___March___, 2022.
15
16
17
18                                       _____
                                         UNITED STATES MAGISTRATE JUDGE
19

Joint Scheduling Order